UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GWENDOLYN WARE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | 2:15-cv-2059-AKK |
| **CAROLYN W. COLVIN,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Gwendolyn Ware brings this action pursuant to section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge ("ALJ") applied the correct legal standard, and that his decision—which has become the decision of the Commissioner—is **AFFIRMED**.

### I.    PROCEDURAL HISTORY

Ware filed her application for Title II Disability Insurance Benefits and a Title XVI application for supplemental social security income on May 4, 2012, alleging a disability onset date of August 1, 2010, (R. 126), due to chronic renal failure, diabetes mellitus, hypertension, and joint dysfunction, (R. 66). After the

1

SSA denied her application, Ware requested a hearing before an ALJ. (R. 78–79). The ALJ subsequently denied Ware's claim, (R. 11–13), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1–7). Ware then filed this action pursuant to § 405(g) on November 16, 2015. (Doc. 1).

## II.  STANDARD OF REVIEW

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person

would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.   STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i)(I)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)   whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.   THE ALJ'S DECISION

In performing the Five Step sequential analysis, the ALJ initially determined that Ware met the criteria for Step One because she had not engaged in any substantial gainful activity since her alleged onset date of August 1, 2010. (R. 16). Next, the ALJ acknowledged that Ware's impairments of "obesity, chronic renal failure, diabetes mellitus, hepatitis C, and hypertension" met the requirements of Step Two. (R. 17). The ALJ then proceeded to the next step and found that Ware did not satisfy Step Three because she "did not have an impairment or combination of impairments that meets or medically equals the severity of one of the

impairments included in 20 C.F.R., Part 404, Subpart P, Appendix 1." (R. 17). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, he proceeded to Step Four, where he determined that, at her date last insured, Ware had the residual functional capacity (RFC) to "perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), [but could] lift and carry twenty pounds occasionally and ten pounds frequently." (R. 19). In light of Ware's RFC, the ALJ determined that Ware was incapable of performing her past relevant work as a duct installer/maker. (R. 22). Accordingly, the ALJ turned to Step Five, where after considering Ware's age, education, work experience, RFC, and the testimony of a vocational expert, the ALJ determined that there were "jobs that exist in significant numbers in the national economy that [Ware] can perform," (R. 23). Because the ALJ answered Step Five in the negative, he determined that Ware was not disabled. (R. 24).

## V. ANALYSIS

Ware's sole contention on appeal is that the ALJ erred by improperly evaluating the evidence and Ware's credibility when the ALJ rejected Ware's subjective testimony.[1] Doc. 11 at 3–4. For the reasons stated below, the record belies Ware's contention.

---

[1] Ware has not raised any other bases for this appeal and, therefore, has waived other grounds upon which she might challenge the ALJ's decision. *See Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (claimant waived an issue because he did not elaborate on the claim or

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). This standard "requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."[2] *Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself*. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself.* See 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself

---

provide citation to authority regarding the claim); *N.L.R.B. v. McClain of Georgia*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.").

[2] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223.  Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony. Where the ALJ discredits subjective pain testimony, he must "articulate explicit and express reasons for doing so." *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). A failure to do so requires that the court accept the testimony as true. *Id.* (citing *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)).

A review of the record shows that the ALJ articulated reasons for discrediting Ware's subjective complaints. Specifically, as it relates to Ware's pain testimony, the ALJ found that while the medical records supported Ware's testimony regarding the presence of pain, they did not support her statements regarding the "intensity, persistence, and limiting effects of these symptoms." (R. 21). To support this determination, the ALJ pointed out that although Ware reported trouble with her left arm and claimed that she stopped working due to this condition, Ware also alleged that her conditions did not cause her to change her work activity and that she could still feed and care for herself. (R. 19–20). Next, the ALJ turned to Ware's complaints about her diabetes and blood pressure and noted that both were controllable with medication, that Ware had received the treatment her doctors recommended, and that, although Ware testified that one was recommended, the physicians had never placed her on a special diet. (R. 20, 37). Finally, with respect to Ware's complaints that her conditions made her weak and sick, the ALJ found that the medical records did not support Ware's subjective

statements of disabling pain because, among other things, Ware indicated in her functional evaluation form that she continued to engage in a variety of activities including reading the Bible, listening to the radio, and socializing with others. (R. 19–22, 175).

Based on the court's review of the record, it is apparent that the ALJ thoroughly recounted Ware's medical records and pointed to various examples where the medical records belied Ware's subjective testimony of the intensity and frequency of her pain. (R. 19–22). Moreover, the record belies Ware's contention that the ALJ improperly relied on the absence of medical opinion regarding her functional capacity in evaluating Ware's credibility. While Ware is correct that "lack of evidence alone is not sufficient to support a finding that an impairment did not exist at a disabling level of severity," *Volley v. Astrue*, Case No. 1:07-cv-138-AJB, 2008 WL 822192, *15 (N.D. Ga. Mar. 24, 2008), here, however, the ALJ's credibility determination was not based solely on the absence of medical evidence. Instead, the ALJ merely noted that the medical records indicated that Ware's impairments were generally controlled with medication and there was no evidence of any "impairments or treatments that would reasonably give rise to such extreme levels of pain."[3] (R. 22).

---

[3] To the extent Ware intended to claim that her financial condition prevented her from obtaining the necessary medical care to build a record for her disability claim, unfortunately there is nothing in the record to substantiate such a position. *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d at 1422; *Outlaw*, 197 F. App'x at 828 n.3. Moreover, while it is true that "poverty excuses noncompliance" with prescribed medical treatment, *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988), Ware's compliance with prescribed medical treatment or lack thereof played no role in the ALJ's decision, *see* (R. 19–22).

Accordingly, because the "ALJ made a reasonable decision to reject [Ware's] subjective testimony, articulating in detail, the contrary evidence as his reasons for doing so," *Wilson v. Barnhart,* 284 F.3d at 1226, and "a clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court," *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (per curiam), the court finds that substantial evidence supports the ALJ's decision.

## CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Ware is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** the 28th day of October, 2016.

                                                                          _____
                                                                          **ABDUL K. KALLON**
                                                                          UNITED STATES DISTRICT JUDGE